# Exhibit "B"

Case 1:19-cv-06482-MKV-JLC   Document 1-2   Filed 07/12/19   Page 2 of 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------- X

ELAINE SEGAL,

                       Plaintiff,

     -against -

                                         **COMPLAINT**

THE DEPARTMENT OF EDUCATION OF         **JURY TRIAL**
THE CITY OF NEW YORK AND THE BOARD    **DEMANDED**
OF EDUCATION OF THE CITY SCHOOL DISTRICT
OF THE CITY OF NEW YORK,

                       Defendant
-------------------------------------------------------------------- X

      Plaintiff, ELAINE SEGAL by and through her attorneys, Stewart Lee Karlin Law

Group, PC respectfully alleges, upon knowledge as to herself and her own actions, and upon

information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

      1.    This is an action pursuant to 29 U.S.C. Section 701, et seq. and the

Rehabilitation Act 29 U.S.C.S. Section 794 to vindicate the civil rights of plaintiff.

### JURISDICTION  AND VENUE

      2.    This is an action pursuant to 29 U.S.C. Section 701, et seq. and the

Rehabilitation Act 29 U.S.C.S. Section 794 to vindicate the civil rights of plaintiff.  Plaintiff

contends that defendants altered the terms, conditions, and privileges of her municipal

employment because she advocated on behalf of disabled, special education students.

      3.    This Court has concurrent jurisdiction over Plaintiff's federal claims.

Page **2** of **11**

Case 1:19-cv-06482-MKV-JLC   Document 1-2   Filed 07/12/19   Page 3 of 11

4.    Defendant's principal offices are located in the County of New York.

5.    At all relevant times, the NYCDOE has overseen the NYC system of public schools located throughout all five (5) boroughs of the City of New York and been and continues to be a recipient of substantial federal funds, and as such, is subject to the mandates under the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq., (the "Rehabilitation Act"), and Section 503 of the Americans with Disabilities Act, 42 U.S.C. § 12203 (the "ADA"), which prohibits retaliation against individuals, such as plaintiff herein, for her opposition to defendant's discriminatory acts against disabled special education students (or "SE students") and for her advocacy on behalf of disabled SE students.

6.    Specifically, Section 504 of the Rehabilitation Act, or 29 U.S.C.A. § 794(d), expressly incorporates the anti-retaliation provision of Section 503 of the Americans with Disabilities Act, 42 U.S.C. § 12203, et seq., which prohibits defendant from retaliating against "any individual" because he or she opposes any act or practice made unlawful by the act. See, 42U.S.C.A. § 12203.  This Court has concurrent jurisdiction.

## PARTIES

7.    Plaintiff, Elaine Segal (hereinafter referred to as "Plaintiff"), is a a resident and domiciliary of the Commonwealth of Pennsylvania. At all relevant times herein, Plaintiff was an "employee" of Defendant NEW YORK CITY DEPARTMENT OF EDUCATION as defined by all relevant statutes.

8.    Defendant NEW YORK CITY DEPARTMENT OF EDUCATION (hereinafter referred to as the "DOE") is a municipal corporation incorporated under the laws of the State of New York, which is in charge of all public schools in the City of New York. Its headquarters

Page **3** of **11**

Case 1:19-cv-06482-MKV-JLC   Document 1-2   Filed 07/12/19   Page 4 of 11

are located at 52 Chambers Street, New York, NY 10007. At all relevant times herein, the DOE

was Plaintiff's "employer" as that term is defined by all relevant statutes.

## FACTUAL ALLEGATIONS

9.      Plaintiff was employed at the Cinema School in the Bronx as a special

education teacher in the 2015-2016 school year and performed satisfactorily or better at all

times relevant in the complaint.

10.      Plaintiff was assigned to integrated co-teaching classes and also provided

SETTS services. Plaintiff taught social studies, math, and English.

11.      The Principal at the Cinema School was Keisha Warner and the Assistant

Principal Ronnie Pendharkar was in charge of the Special Education at the Cinema School.

The other Assistant Principal was Alison Beckman.

12.      Plaintiff first began advocating for SE students when she complained and

spoke in September 2015 with AP Pendharkar and other SE teachers that special education

students were not getting the services that were required in their IEPs. More specifically, the

special education students were not receiving the appropriate SETSS services and that the

Integrated Co-Teaching (ICT) teachers did not plan lessons with the SE teachers or share

information (topics, materials) for co-teaching, or allow for materials to be enhanced to meet

the needs to students, and it was impacting the instruction of special-education students. SE

teachers' schedules were being changed frequently to try to appear to be complying, making

SE support inconsistent and sometimes ineffective for students.

13.      Plaintiff complained at least once a month to the AP and Jessica Madalon

(Special Education Dept Head) and to other teachers both orally and via email. Several times

Page **4** of **11**

in the year, Plaintiff experienced episodes of harassment related to her refusal to aid in special-education fraud and reporting it.

14.    Plaintiff also repeatedly complained throughout the entire school year to the AP and others that the special education students were not getting services mandated in their IEPs. In August 2015, Plaintiff had been informed by both Warner, Pendharkar, and Madalon that she was being hired to help correct the longstanding failures of the school's Special Education services and bring the department into substantive compliance.

15.    Plaintiff was also asked but refused to falsify special education records to state that the students were receiving services that they were not receiving and recommend students to a less restrictive environment when the students were not ready to be placed in a less restrictive environment. Plaintiff refused to sign documents without reading them in spite of being pressured to do so.

16.    IEPs and special education services get entered into an automated system known as Special Education Student Information System (SESIS) .

17.    Plaintiff was asked to input false information into SESIS to show that the SE students were making significant progress and to show that services were rendered when the SE students were not making significant progress and special education services were not rendered.  This happened several times when Plaintiff and other teachers were reminded to enter the *scheduled* services rather than the *actual* services provided, starting in Fall 2015. Plaintiff was instructed that students should not show any lack of improvement from these sessions.

18.    Plaintiff refused to input this false information.

Page **5** of **11**

Case 1:19-cv-06482-MKV-JLC   Document 1-2   Filed 07/12/19   Page 6 of 11

19.     In December 2015, Plaintiff was asked to falsify BS's IEP and refused to do so. AP Pendharkar wrote in an email that Plaintiff was to change BS's IEP, and Madalon told Plaintiff that the change would be made regardless of the IEP meeting. Madalon said that she had been "forced" to change IEPs by Warner and this would be the same.

20.     In November and December 2015, Kalish and Madalon (teachers) called a number of SE students' parents to change their IEPs to fix an error with direct vs. indirect services in order to appear to be in compliance when they were not. Plaintiff refused to take part.

21.      SE student Antonio was evaluated by Plaintiff and other members of the IEP team (including school psychologist Rena Gersten) to be  at or above grade-level and qualified to change to general education. Plaintiff and Gersten wrote emails to and spoke with Pendharkar about ensuring that students got the services they need. Pendharkar did not respond.

22.     Plaintiff also brought these complaints to union leader William Linville who upon information and belief brought Plaintiff's complaints to the principal.

23.     Plaintiff was terminated for a pretextual reason as set forth below.

24.     While in Plaintiff was in the Special Education office during a period when class was in session, staff were discussing students with 2 students in the room. Plaintiff closed the door in order to protect student information. An irate student (unknown to the Plaintiff) in the hallway burst in after Plaintiff turned to return to the desk and stated, "You need to learn some fucking manners, don't slam a door in my face" and was very aggressive. The student walked out and turned away from the office and Plaintiff tugged slightly down

Page **6** of 11

on the strap of the student's purse to get the student's attention in order to ask for the

student's name so that appropriate follow-up could happen.

25.      Plaintiff contacted the AP to tell the AP that this student was out of class and

out of control.

26.      Thereafter, a complaint was made that Plaintiff used corporal punishment

against the student. After a "hearing" during which the Plaintiff's evidence was openly

disregarded and Plaintiff's advocate was belittled and yelled at by Warner and AP Beckman,

The Principal substantiated that the Plaintiff pulled on student's purse and terminated her for

using corporal punishment against this student. The Principal has consistently refused to say

how this was "corporal punishment," simply repeating "it just is."

27.      Plaintiff received a letter dated June 29, 2016 advising Plaintiff that the DOE

would be considering discontinuing her services and that she had a right to submit a

statement, which Plaintiff did.  The decision would be made on July 29, 2016 regarding her

employment. Plaintiff was discontinued on or about July 29, 2016.

28.      Plaintiff spoke out (advocated on the special education students' behalf)

regarding the welfare of the special education population at the School.

29.      As a direct result of Ms. Segal's advocacy for special educations students and

her complaints regarding the lack of services, support and resources, and other advocacy set

forth above for special needs students, she was retaliated against by being terminated for

pretextual reasons.

Page **7** of **11**

Case 1:19-cv-06482-MKV-JLC   Document 1-2   Filed 07/12/19   Page 8 of 11

## FIRST CAUSE OF ACTION-504 RETALIATION CLAIM

30.     Plaintiff repeats and re-alleges each and every preceding paragraph as if fully set forth at length herein.

31.     As a direct result of Plaintiff  complaining about neglecting to enforce laws pertaining to special education and disabled students and advocating on their behalf, Plaintiff was retaliated against by Defendant by being terminated.

32.     The defendant, the New York City Department of Education violated the Rehabilitation Act, 29 U.S.C. Section 504, et seq. by retaliating against plaintiff because she advocated on behalf of disabled, Special Education students.

33.     As a direct result of the Defendants' violation of 504, as alleged herein above, Plaintiff has suffered damages, which are set forth more fully below.

### PLAINTIFF DEMANDS A TRIAL BY JURY

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant as follows:

a.      A declaration from the Court that Defendant violated Section 504, reinstating Plaintiff to the position of special education teacher retroactively, the expungement of the NYC DOE "Problem Code" from her file, and that she will not be flagged as ineligible for employment with the DOE and vendors;

Page **8** of **11**

Case 1:19-cv-06482-MKV-JLC   Document 1-2   Filed 07/12/19   Page 9 of 11

b.    That her observations, evaluations, and letters to the file be expunged and the Defendant be ordered to change her observations and evaluations to effective and vacate the discontinuance;

c.    Back pay and compensatory damages for pain and suffering;

d.    Damages to reputation;

e.    Attorney fees and costs;

f.    Full New York City Teaching Fellows tuition payments and other benefits;

g.    Any other relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
        June 24, 2019

Respectfully submitted,

STEWART LEE KARLIN
LAW GROUP PC

s/ Stewart Lee Karlin
STEWART LEE KARLIN,
Attorneys for Plaintiff
111 John Street, 22nd Floor
New York, N.Y. 10038
(212) 792-9670

Page **9** of **11**

**VERIFICATION**

STATE OF NEW YORK    )

COUNTY OF NEW YORK)    ss.:

      I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action;  I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

      The reason this verification is made by your affirmant and not by the Petitioner herein is that said Petitioner resides in a county other than the county where your affirmant maintains his law office.

      The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

      Conversations with the Plaintiff and information contained in the file.

Dated:  New York, New York
      June 24, 2019

                                        /Stewart Lee Karlin
                                STEWART LEE KARLIN, ESQ.

## **ATTORNEY CERTIFICATION**

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
       June 24, 2019

/Stewart Lee Karlin

_____
STEWART LEE KARLIN, ESQ.

Page **11** of **11**